UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DANIEL LOZA,

        Petitioner,

v.                        **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 05-2483 (MJD)
                              Criminal File No. 04-335 (MJD/JGL)

UNITED STATES OF AMERICA,

        Respondent.
_____

Daniel Loza, pro se.

Ann M. Anaya, Assistant United States Attorney, Counsel for Respondent.
_____

## I.  INTRODUCTION

The above-entitled matter is before the Court on Petitioner Daniel Loza's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  [Docket No. 28 in Criminal File No. 04-335; Docket No. 1 in Civil File No. 05-2483]

## II.  BACKGROUND

Petitioner was charged with one count of Possession with Intent to Distribute at least 1500 grams but less than 5000 grams of a mixture or substance

1

containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On November 10, 2004, Loza pled guilty to that count.

In the plea agreement, Loza and the Government agreed that, if he cooperated with the Government and had an appropriate criminal history, he would receive a 3-level reduction for acceptance of responsibility and would be eligible for the safety valve. Thus, his guideline range would be 87-108 months, rather than the statutory mandatory minimum sentence of 120 months. Loza agreed that this guideline range constituted a "fair and just outcome in this case." (Plea Agreement 3.)

At Loza's sentencing hearing, on April 14, 2005, the Court applied a reduction for acceptance of responsibility and the safety valve. Loza's guideline range, as expected in the plea agreement, was 87 to 108 months in prison. The Court sentenced Loza to 87 months in prison, with 5 years of supervised release following his incarceration.

Loza did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals. He asserts that his lawyer did not want to appeal and that he did not know that he had the legal right to appeal. He now moves for an order to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the grounds that (1) he did not knowingly and voluntarily plead guilty; (2) his counsel was ineffective

because he did not obtain sufficient medical care for Loza; and (3) Loza provided substantial assistance to the Drug Enforcement Agency ("DEA"), which should reduce his sentence.

## III.   DISCUSSION

### A.   Standard

Under 28 U.S.C. § 2255, "a prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the Court which imposed the sentence to vacate, set aside, or correct the sentence." Loza did not file a direct appeal of his guilty plea and subsequent sentence of 87 months in prison.

> The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies equally when the conviction was entered pursuant to a guilty plea. This procedural default may be excused only if the petitioner can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.

Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997) (citations omitted). Ineffective assistance of counsel may constitute cause and prejudice. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999). Claims of ineffective counsel are normally raised for the first time in collateral proceedings under 28 U.S.C. § 2255. United States v. Martinez-Cruz, 186 F.3d 1102, 1005 (8th Cir. 1999).

In claiming that he received ineffective counsel, Loza must prove that

counsel's performance was deficient and that deficient performance prejudiced the decision against him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance was deficient if it fell outside "the wide range of reasonable professional assistance." Id. at 689. There is a strong presumption that counsel's conduct falls within that wide range of reasonable professional assistance. Id. In order to show prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

    **B.**    **Voluntary, Knowing, and Intelligent Guilty Plea**

        **1.**    **Standard**

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 125 S. Ct. 2398, 2405 (2005) (citation omitted). Loza asserts that he was not aware of the magnitude of the charges against him at the time that he pled guilty because he did not receive a copy of the plea agreement until minutes before the change of plea hearing. He also indicates that he was impaired with memory loss due to a head injury that he received in jail on August 15, 2004.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the

plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Ingrassia v. Armontrout, 902 F.2d 1368, 1370 (8th Cir. 1990) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). "A habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, petitioner would have insisted on going to trial rather than pleading guilty." Id. (citation omitted).

Loza's "representations at the plea-taking carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." Id. (citation omitted). In this case, Loza's current allegations "are merely bare assertions which contradict his testimony at the plea hearing." Id. (citation omitted). The record reflects that Loza's guilty plea was made voluntarily, knowingly, and intelligently.

### 2.   Magnitude of Charges

The record reflects that Loza understood the magnitude of pleading guilty to Count I. At the change of plea hearing, the Court explained the ramifications of pleading guilty to Loza, including the constitutional rights that he would abandon by pleading guilty to this offense. While under oath, Loza stated that he understood what his guilty plea entailed. (Change of Plea Hr'g Tr. 10-17.)

Loza also admitted the factual basis for his guilty plea. (Id. 17-19). He was attentive and involved during his admission; at one point he corrected the

wording of the prosecutor who was asking him questions. (Id. 18.)

Finally, Loza admitted that he understood that he faced a ten-year mandatory minimum sentence, unless the Court found him to be safety valve eligible. (Change of Plea Hr'g Tr. 7-9.) He also acknowledged that he was requesting the Court to sentence him within the guideline range, which the plea agreement estimated to be 87-108 months. (Id.)

The record reflects that Loza understood the legal implications of his guilty plea, the facts to which he was admitting, and the likely sentence that he was facing. Thus, his plea was knowing, intelligent, and voluntary.

### 3. Time to Review the Plea Agreement

The record reflects that Loza had sufficient time to review the plea agreement and confer with counsel before he pled guilty. Before he entered his guilty plea, Loza testified that he had enough time to talk to his counsel about his case and that he was satisfied with his counsel's representation. (Change of Plea Hr'g 16.) He also testified that he clearly understood the plea agreement. (Id. 14.) Finally, Loza stated that he had gone over the plea agreement with his attorney and an interpreter on three separate occasions. (Id. 8.)

### 4. Effect of Injury

The record demonstrates that Loza's head injury, incurred three months before the guilty plea, did not impair his ability to plead guilty voluntarily,

6

knowingly, and intelligently.  During the change of plea hearing, both the Court and Loza's counsel questioned Loza regarding his injury.  (Change of Plea Hr'g 13-16.)  Loza confirmed that, despite his injury, he understood the plea agreement and the information in it, as well as the events occurring at the change of plea hearing.  (Id. 14-16)  He stated that he had lost two days of memory, close to the time that the injury occurred, but that he remembered possessing the methamphetamine that formed the basis of the charge against him.  (Id. 15.)  Finally, Loza averred that his attorney brought his injury to the attention of the marshals and jail personnel and that he was satisfied with his counsel's representation.  (Id. 14, 16.)

### 5. Conclusion

The record reflects that Loza's guilty plea was made voluntarily, knowingly, and intelligently.  He understood the magnitude of the charges against him, had sufficient time to review the plea agreement, and could not show that his injury affected the validity of his guilty plea.

### C. Ineffective Assistance of Counsel Claim Based on Medical Treatment

As a separate ground for his petition, Loza asserts that his attorney was retained by a drug dealer and was ineffective because he did not obtain sufficient medical attention for Loza after his head injury.  He claims that due to inadequate

medical attention, he could not fully cooperate with the Government.  Loza does not explain how his attorney's alleged retention by a drug dealer prejudiced his defense.

As detailed in part III(B)(4), Loza cannot show that he was denied ineffective assistance of counsel based on his attorney's response to his head injury because it did not affect his ability to enter a valid guilty plea.  Although Loza indicated that he was not satisfied with the jail's response to his injury, he testified that he was satisfied with his counsel's representation.  (Change of Plea Hr'g 16.)  Loza stated that his attorney had explained the availability of a downward departure based on substantial assistance, but stated that he had nothing to say.  (Change of Plea Hr'g 9.)  Although he indicated that the injury caused him to lose memory for two days near the time of the injury, he testified that he did remember the events forming the basis for the charge against him.  (Id. 15.)  The Court concludes that Loza's counsel was not operating outside the range of reasonable professional assistance with regarding to assisting Loza with treatment for his head injury.  Strickland v. Washington, 466 U.S. 668, 689 (1984).

In addition, Loza fails to show that his counsel's actions prejudiced him.  "In the guilty plea context, the convicted defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Matthews v. United States, 114

F.3d 112, 114 (8th Cir. 1997) (citations omitted). Loza does not show that, but for his counsel's actions regarding his head injury, he would have persisted with a not guilty plea. Nor does he show that, but for his counsel's actions, he would have provided substantial assistance to the Government that would have altered his sentence.

### D.   Loza's Cooperation with Authorities

Loza requests that the Court reduce his sentence below 87 months because of the recent information that Loza and his family provided the U.S. Attorney's Office and the DEA. Loza asserts that he was unable to provide the information earlier due to his memory loss caused by his head injury.

Federal Rule of Criminal Procedure 35(b) states that upon the Government's motion, the Court may reduce a sentence after the sentencing hearing if the defendant provides "substantial assistance" in investigating or prosecuting another person. The Court may consider the defendant's pre-sentence assistance when deciding whether he has provided substantial assistance. Fed. R. Crim. P. 35(b)(3).

Loza asserts that he provided information to the DEA that initiated an investigation that let to the arrest of multiple defendants. The Government states that the information that Loza provided did not materialize to substantial assistance warranting a motion to reduce his sentence. The Government has not

filed such a motion.

"There is no provision in Rule 35(b) of the Federal Rules of Criminal Procedure for a motion by a defendant for a reduction based upon a claim of substantial assistance to the government."  United States v. Palmer, 297 F.3d 760, 768 (8th Cir. 2002).  However, the Court

> can review the government's decision not to file a substantial assistance motion only if a defendant has made a substantial threshold showing that the decision was based on an unconstitutional motive or was not rationally related to any legitimate Government end, such as when its decision was made in bad faith.

United States v. Hart, 397 F.3d 643, 646 (8th Cir. 2005) (citation omitted).  It is rational for the Government to refuse to file a motion for sentence reduction based on substantial assistance if the assistance provided was not substantial.  Id.

There was no promise by the Government to make a Rule 35(b) motion.  Loza's plea agreement does not indicate any specified downward departure beyond the safety valve granted by the Court in the sentencing hearing.  At the change of plea hearing, Loza acknowledged that his counsel had informed him that there was "possibly another way to get this sentence down further," through substantial assistance; however there is no indication of any promise or representation by the Government with relation to such a reduction.  (Change of Plea Hr'g. 9.)  During the change of plea hearing, Loza stated that he had nothing to say regarding substantial assistance.  (Id.)

In this case, the Government represents that it has not made a motion because Loza's assistance was not substantial. This is a rational basis for its decision. Loza does not allege that the Government's decision to not move for a reduction was based on an unconstitutional motive or was not rationally related to a legitimate Government end. Loza's

> description of the extent of his assistance is not enough, for although a showing of assistance is a necessary condition for relief, it is not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving.

United States v. Marks, 244 F.3d 971, 976 (8th Cir. 2001) (citation omitted). Thus, Loza fails to make the required substantial threshold showing required to permit the Court to review the Government's refusal to file a motion to reduce his sentence. Loza's request for a reduction based on substantial assistance is denied.

## IV.   CONCLUSION

Loza has not shown that his plea was invalid, that his counsel's work was deficient, or that he suffered any prejudice from his counsel's actions. Loza has failed to show that the Government acted unconstitutionally or irrationally in refusing to file a motion to reduce his sentence. Petitioner Loza's motion is denied.

**IT IS HEREBY ORDERED** that:

Petitioner Daniel Loza's Motion to Vacate, Set Aside or Correct Sentence [Docket No. 28 in Criminal File No. 04-335; Docket No. 1 in Civil File No. 05-2483] is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

Dated: April 14, 2006   s / Michael J. Davis
　　　　　　　　　　　　Judge Michael J. Davis
　　　　　　　　　　　　United States District Court